IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-5-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| JOHN ALBRITTON, | ) |
| | ) |
| Defendant. | ) |

On January 10, 2012, Defendant was indicted on one count of knowingly possessing in and affecting commerce firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE-1]. A hearing was held February 3, 2012, on the government's motion for pretrial detention of Defendant in accordance with 18 U.S.C. § 3142, wherein the court determined Defendant was a danger to the community and ordered him detained pending disposition of this case. [DE-16]. On August 29, 2012, a superceding indictment was filed against Defendant adding one charge to his prosecution: knowingly and intentionally distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) [count two]. [DE-30]. All charges contained in the original indictment are contained in the superceding indictment.

Defendant's initial appearance with respect to the superceding indictment was held September 4, 2012, at which Defendant appeared with new counsel and was advised of his rights, the charges contained in the superceding indictment and the maximum penalties with respect to those charges. At the conclusion of Defendant's initial appearance, counsel for Defendant made an oral motion to reopen the issue of detention.

Title 18 U.S.C. § 3142(f) provides in relevant part that

> [t]he [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial <u>if the judicial officer finds that information exists that was not known to the movant at the time of the hearing</u> and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).

In support of his motion to reopen detention, Defendant, through counsel, advised the court of a potential third-party custodian whom Defendant would propose to the court in support of Defendant's release. Defense counsel identified Defendant's uncle, Lewis Albritton, as the potential third-party custodian. As the government points out, however, Lewis Albritton was offered to the court as a third-party custodian at Defendant's first detention hearing. Defendant has therefore failed to carry his burden imposed under § 3142(f) of showing the court information material to the issue of detention that was not known to Defendant at the time of his first detention hearing.

For this reason the court DENIES WITHOUT PREJUDICE Defendant's oral motion to reopen detention.

SO ORDERED, this the 4th day of September, 2012.

／s／ Robert B. Jones, Jr.
Robert B. Jones, Jr.
United States Magistrate Judge