IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-00005-F-1
No. 4:15-CV-00019-F

| | |
|---|---|
| JOHN ALBRITTON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-131] John Albritton's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-124, -129].[1] Also before the court are Albritton's Motion for Leave to Amend Discovery [DE-135] and his Addendum in Support of Motion to Vacate [DE-136]. The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, Albritton's Motion to Vacate is DENIED, his Motion for Leave to Amend Discovery is DENIED, and his Addendum in Support of Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On January 10, 2012, Albritton was charged in a single-count indictment. *See* Indictment [DE-1]. A two-count superseding indictment was filed on August 29, 2012. *See* Superseding Indictment [DE-30]. On November 28, 2012, a three-count second superseding indictment was filed. *See* Second Superseding Indictment [DE-44]. In Count One, Albritton was charged with

---

[1] Albritton's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-124], which was filed on January 27, 2015. At the court's direction, Albritton filed a "conforming" motion [DE-129] on February 13, 2015.

possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See id.* Counts Two and Three charged Albritton with distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.*

At Albritton's arraignment, held on February 19, 2013, he pled not guilty to each count in the Second Superseding Indictment. Following a three-day trial, the jury found Albritton guilty on all three counts.

Albritton's sentencing was held on July 2, 2013. Albritton was sentenced to 180 months' imprisonment on each of Counts One through Three, to be served concurrently. *See* Judgment [DE-89].

On July 14, 2013, Albritton filed a Notice of Appeal [DE-91]. In an unpublished opinion, the Fourth Circuit Court of Appeals affirmed the judgment of this court. *See* Unpublished Opinion [DE-117].

On January 27, 2015, Albritton filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-124, -129]. In his § 2255 motion, Albritton raises the following claims of ineffective assistance of counsel: (1) his attorney let computer data prove that he committed the convictions stated in paragraphs 14 and 15 of the Presentence Report on different occasions; and (2) his attorney failed to sufficiently challenge the two cooperating witnesses and failed to call the owner of the property on which the firearms and drug transactions took place. On May 15, 2015, the Government filed a Motion to Dismiss [DE-131], arguing that Albritton failed to state a claim upon which relief can be granted.

Albritton filed his Motion for Leave to Amend Discovery [DE-135] on July 17, 2015. On July 22, 2015, Albritton filed his Addendum in Support of Motion to Vacate [DE-136].

2

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Motion to Vacate

**1. Albritton has failed to state a claim of ineffective assistance of counsel in his first and second claims.**

Albritton has raised two claims of ineffective assistance of counsel in his § 2255 motion.

3

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address both of Albritton's ineffective assistance of counsel claims.

**a. Albritton alleges that his attorney erred by letting computer data prove his convictions.**

In his first claim, Albritton alleges that his attorney provided ineffective assistance by letting computer data prove that he committed the convictions stated in paragraphs 14 and 15 of his Presentence Report on different occasions. Mot. Vacate [DE-129] at 4, Mot. Vacate Mem. [DE-129-1] at 4-6. Albritton argues that because the armed career criminal predicates listed in paragraphs 14 and 15 were committed on the same day, he does not qualify as an armed career criminal under 18 U.S.C. § 924(e). Mot. Vacate Mem. [DE-129-1] at 4.

4

Under § 924(e)(1), a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1) (emphasis added).

Even if the convictions listed in paragraphs 14 and 15 of Albritton's Presentence Report were counted as one conviction for purposes of § 924(e), Albritton has two additional qualifying convictions found in paragraphs 16 and 17. *See* PSR [DE-84] ¶¶ 16-17. In paragraph 16, Albritton was found guilty of conspiracy to sell and possess heroin. PSR [DE-84] ¶ 16. In paragraph 17, Albritton pled guilty to conspiracy to traffic in heroin, possession with intent to sell and deliver heroin, and conspiracy to sell and deliver heroin. *Id.* ¶ 17. Thus, Albritton remains an armed career criminal.

Albritton has failed to show that if his attorney had argued that the convictions in paragraphs 14 and 15 were committed on the same day, his sentence would have changed. Because Albritton has made an insufficient showing on prejudice, this court need not address performance. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). Accordingly, Albritton's first claim will be dismissed.

**b. Albritton alleges that his attorney failed to challenge two witnesses and failed to call another witness.**

Albritton alleges in his second claim that his attorney provided ineffective assistance by failing to sufficiently challenge the two cooperating witnesses, Michelle Dawn Beavers and Tammy Overton, and failing to call the owner of the property on which the firearms and drug

5

transactions took place, Joseph Arnold. Mot. Vacate Mem. [DE-129-1] at 6-8.

Albritton's claim that his attorney failed to call the property owner on which the firearms and drug transactions took place must fail because Albritton is essentially challenging his attorney's trial strategy. *Strickland's* presumption of reasonableness is particularly difficult to overcome in a claim of ineffectiveness for failing to call a witness, "given that the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous . . . deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (quotation marks and alteration omitted).

Albritton's claim that his attorney did not sufficiently challenge Beavers and Overton is belied by the record. The record reveals that Albritton's attorney strongly cross-examined and attempted to impeach Beavers and Overton, the two cooperating witnesses. *See* March 7, 2013 Tr. [DE-114] at 181:4 to 199:21; March 8, 2013 Tr. [DE-109] at 16:17 to 21:1. On cross-examination, Albritton's attorney elicited Beavers's admission that three days before her testimony she was using illegally-obtained Percocets. *See* March 7, 2013 Tr. [DE-114] at 182:4-14. Albritton's attorney also brought out that Beavers had been convicted of possession with intent to sell and deliver marijuana, a felony offense in North Carolina. *Id.* at 184:8-13. Beavers further admitted that she was getting high at the same time she was working for the Sheriff's Department. *Id.* at 191: 7-25. During Overton's cross-examination, Albritton's attorney got her to admit that she lied to law enforcement. *See* March 8, 2013 Tr. [DE-109] at 17:1 to 17:4; 17:25 to 18:20; 19:14 to 19:20.

This claim fails under both prongs of the *Strickland* standard. As for the first prong, the

6

court concludes that Albritton's attorney provided zealous representation for his client, and his representation did not fall below an objective standard of reasonableness. Under the second prong, Albritton has failed to sufficiently allege the required prejudice because he has failed to suggest a reasonable probability that the outcome of his trial would have been different. For these reasons, Albritton's second claim will be dismissed.

### B. Motion for Leave to Amend Discovery

Next, Albritton has filed a Motion for Leave to Amend Discovery [DE-135]. In his motion, Albritton seeks the production of the state court record in case numbers 78CR5341, 77CR53093, 84CR1001, and 84CR1000. *Id.* at 2. Albritton also requests an evidentiary hearing in this case. *Id.*

Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Unlike the ordinary civil litigant in federal court, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A petitioner bears the burden of showing "good cause" and must "present specific allegations that give the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Fenn v. United States*, Nos. 1:12-CR-510 (JCC), 1:15-CV-578, 2015 WL 3868583, at *2 (E.D. Va. June 23, 2015) (quoting *Pizzuti v. United States*, 809 F.Supp. 2d 164, 176 (S.D.N.Y. 2011)). The court will not allow a mere fishing expedition through the government's files with the hopes that damaging evidence will be found. *Id.*

In this case, the court concludes that Albritton has failed to establish "good cause" for the

7

requested discovery. In particular, Albritton has not presented specific allegations suggesting that if the facts were fully developed he would be able to demonstrate that he is entitled to relief. Consequently, Albritton's request for discovery is denied.

The court will now address Albritton's request for an evidentiary hearing. Rule 8 of the Rules Governing Section 2255 Proceedings provides that it is within the discretion of the district court to determine whether an evidentiary hearing is warranted following a review of the record. The court may decide a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

After reviewing the parties' positions, as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary. Accordingly, Albritton's request for an evidentiary hearing is denied.

In light of the foregoing, Albritton's Motion for Leave to Amend Discovery [DE-135] is DENIED.

## C. Addendum in Support of Motion to Vacate

Albritton's final motion is an Addendum in Support of Motion to Vacate [DE-136]. In his motion, Albritton contends that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), he is no longer an armed career criminal.

*Johnson* addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves

8

conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557.

Here, Albritton has at least three predicates that are serious drug offenses, as defined in § 924(e)(2)(A)(ii). A "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Albritton has two clear predicates: (1) a 1984 North Carolina conviction for conspiracy to sell and possess heroin, for which he received a sentence of ten years in custody; and (2) a 1984 North Carolina conviction for conspiracy to traffic in heroin, for which he received a sentence of twenty years in custody. PSR [DE-84] ¶¶ 16, 17.

Albritton also has several North Carolina heroin distribution offenses from 1977 and 1978, for which he received sentences of five years' imprisonment. PSR [DE-84] at ¶¶ 14, 15. Unlike the offenses in *Newbold*, 791 F.3d at 460, these offenses and sentences were imposed before the Fair Sentencing Act (which created presumptive sentencing ranges in North Carolina) was adopted.[2]

Albritton also claims that under *Newbold* he is no longer an armed career criminal. In *Newbold*, the Fourth Circuit applied *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), to determine whether a 1984 North Carolina conviction imposed under the Fair Sentencing Act qualified as a serious drug offense for purposes of § 924(e)(2)(A). 791 F.3d at

---

[2] North Carolina's Fair Sentencing Act was in effect for offenses committed from July 1, 1981 to September 30, 1994.

9

463. The court looked to the presumptive sentence that the offense carried and whether the defendant's state court judgment had "aggravating factors supporting a sentence within the aggravated range," that is, a sentence above the presumptive sentence. *Id.* The judgment did not state any aggravating factors found by the sentencing judge, and there was no evidence found in the plea transcript to support an admission of aggravating factors. *Id.* at 463. The Fourth Circuit Court of Appeals held that Newbold's conviction did not qualify as a serious drug offense because he could not have received ten years of imprisonment for the offense without a finding of aggravating factors. *Id.* at 461-63.

Based on a review of the relevant statutes in this case, it appears that Albritton faced a statutory ten years' imprisonment for his convictions for possession of heroin with the intent to sell. PSR [DE-84] ¶¶ 14, 15. *See* H.B. 274, 1973 Session Laws, Chap. 654, § 1 (N.C. 1973). Section 90-95, subsection (a)(1) makes it illegal to, among other things, possess with the intent to manufacture, sell, or deliver a controlled substance, and subsection (b)(1) imposes a 10-year maximum for violation of subsection (a)(1) for a Schedule I or II offense.[3] Because the trial court had the discretion to impose a sentence up to that statutory maximum term of imprisonment and no presumptive sentence applied, the offenses in paragraphs 14 and 15 qualify as serious drug offenses under § 924(e)(2)(A)(ii).

In light of the foregoing, Albritton's status as an armed career offender is not altered by *Johnson* or *Newbold*. Consequently, Albritton's Addendum in Support of Motion to Vacate [DE-136] is DENIED.

---

[3] At the time of Albritton's 1977 and 1978 heroin distribution offenses, heroin was a Schedule I controlled substance. *See State v. Bell*, 235 S.E.2d 886, 887 (N.C. App. 1977).

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-131] is ALLOWED, Albritton's Motion to Vacate [DE-124, -129] is DENIED, his Motion for Leave to Amend Discovery [DE-135] is DENIED, and his Addendum in Support of Motion to Vacate [DE-136] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Albritton has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 19 day of May, 2016.

James C. Fox
Senior United States District Judge